Honorable James L. Robart



11-CV-00088-ORD

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| JUDY LEWIS, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHASE HOME FINANCE, LLC,<br><br>Defendant. | No. C11-0088 JLR<br><br>ORDER, JUDGMENT AND DECREE GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT, APPROVING ATTORNEY FEE AWARD, APPROVING REPRESENTATIVE PLAINTIFF AWARD AND DISMISSING CLAIMS WITH PREJUDICE |

## I. FINDINGS OF FACT

1. On December 15, 2010, Plaintiff Judy Lewis filed this putative class action (the "Action") against Chase Home Finance LLC, on behalf of borrowers in the State of Washington alleging that when borrowers paid off mortgage loans serviced by Chase Home Finance LLC they were charged Substitution of Trustee Recording Fees (the "Fees") that were not permitted.

2. JPMorgan Chase Bank, N.A., the successor by merger to Chase Home Finance LLC ("Chase") denies Plaintiff's allegations in the Action and contends, among other things, that (1) the Fees were permitted in connection with the loans, (2) were authorized and voluntarily paid by the borrowers, (3) the borrowers received a substantial benefit in exchange for payment of the Fees, (4) the manner of charging, disclosing and requesting payment of the Fees was not unfair or deceptive and did not have the capacity to deceive or

ORDER, JUDGMENT AND DECREE GRANTING
FINAL APPROVAL TO CLASS ACTION SETTLEMENT - 1
[C11-0088 JLR]

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

mislead borrowers, (5) no class should be certified in the Action, and (6) it would prevail in the Action if it proceeded.

3. Chase has identified approximately 53,815 Class Members who paid the Fees from January 1, 2008 to February 28, 2011.

4. The parties have engaged in contested litigation and have exchanged substantial information about the facts underlying Plaintiff's claims and the claims of the Settlement Class Members. They have conducted extensive, arm's-length settlement discussions over the terms of the Settlement Agreement, including providing pre-mediation submissions and engaging in a day-long mediation before the Hon. Paris Kallas (Retired).

5. Based upon extensive analysis of the facts and the law applicable to Plaintiff's claims, and taking into account the extensive burdens and expense of litigation, including the risks and uncertainties associated with protracted trials and appeals and the fair, cost-effective and assured method of resolving the claims of the Settlement Class, Plaintiff and Plaintiff's Counsel have concluded that the Settlement Agreement provides substantial benefits to the Settlement Class and is fair, reasonable, adequate and in the best interests of the Settlement Class.

6. Although Chase denies the assertions by Plaintiff in the Action, and denies any wrongdoing or liability to Plaintiff or the putative class of any kind, Chase has concluded that the Settlement Agreement is in its best interests to avoid the time, expense and management distraction of defending potentially protracted litigation.

7. This Court previously considered Plaintiff's motion for preliminary approval of the Settlement Agreement, together with supporting materials, including the Settlement Agreement, the Notice Plan, and the proposed Class Notice. On September 18, 2012, this Court entered its Order Preliminarily Approving Class Action Settlement, Striking Case Deadlines, Authorizing Distribution of Class Notice and Setting Final Approval Hearing (the "Preliminary Approval Order"). Among other things, the Preliminary Approval Order

ORDER, JUDGMENT AND DECREE GRANTING
FINAL APPROVAL TO CLASS ACTION SETTLEMENT - 2
[C11-0088 JLR]

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

approved and directed the distribution of the Class Notice regarding the Settlement Agreement, set deadlines for the filing of requests for exclusion and objections, and set the date for the Final Approval Hearing.

8. The Parties and the Settlement Administrator have submitted declarations and exhibits demonstrating that they have complied with all of the requirements of the Preliminary Approval Order concerning the distribution of the Class Notice to the Settlement Class.

9. On October 23, 2012, Plaintiff's Counsel filed and posted to a website accessible by Settlement Class Members a motion seeking an Attorney Fee Award and Representative Plaintiff's Award. On December 13, 2012, Plaintiff's Counsel filed a motion seeking final approval of the Settlement Agreement.

10. On December 21, 2012, this Court held the Final Approval Hearing to consider, among other things, whether to grant final approval to (a) the Settlement Agreement, (b) Plaintiff's Counsel's application for the Attorney Fee Award and the Representative Plaintiff's Award, and (c) the entry of this Final Approval Order.

11. Having read, reviewed and considered the papers filed with this Court, the oral arguments of counsel, and the written and oral objections and comments of all those who appeared at the Final Approval Hearing, and based on the entire record in the Action, the Court finds that the Settlement Agreement is fair, reasonable, adequate and in the best interests of the Settlement Class and should be finally approved.

## II. ORDER, JUDGMENT AND DECREE

The Court having considered the record in the Action, the materials submitted in connection with the Preliminary Approval Motion, the materials submitted in connection with the motion for final approval of the Settlement Agreement and good cause having been shown,

ORDER, JUDGMENT AND DECREE GRANTING
FINAL APPROVAL TO CLASS ACTION SETTLEMENT - 3
[C11-0088 JLR]

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:**

1. This Court has subject matter jurisdiction over the claims asserted in this proceeding including the Settled Class Claims, has personal jurisdiction over the settling parties (including the Persons in the Settlement Class), and subject matter jurisdiction to approve the Settlement.

2. As demonstrated by declarations, the parties have complied with the terms of the Preliminary Approval Order regarding the Notice Plan. Notice given to the Settlement Class was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of this action, all material terms of the Agreement, their opportunity to exclude themselves from the Settlement Class, to object to or to comment on the Settlement Agreement, and to appear at the Final Approval Hearing. The notice was reasonable and the best notice practicable under the circumstances, was due, adequate, and sufficient notice to all members of the Settlement Class, and complied fully with the Federal Rules of Civil Procedure and federal constitutional due process, and any other applicable rules of the Court. Settlement Class Members were provided a full opportunity to participate in the Final Approval Hearing, and all Settlement Class Members and other persons wishing to be heard have been heard. Accordingly, the Court determines that all members of the Settlement Class, except those who have timely and properly excluded themselves from the Settlement Class, are bound by the Agreement and this Final Approval Order.

3. The Opt Outs are identified on a list filed under seal with the Court. The Opt Outs are not bound by the Agreement or this Final Approval Order.

4. The Settlement Class (as defined in the Preliminary Approval Order) is granted final certification for purposes of the Settlement.

5. The Court hereby grants final approval to the Settlement Agreement and finds that it is fair, adequate and reasonable, and in the best interests of the Settlement Class as a whole. The parties entered into the Settlement Agreement after contested litigation and in

ORDER, JUDGMENT AND DECREE GRANTING
FINAL APPROVAL TO CLASS ACTION SETTLEMENT - 4
[C11-0088 JLR]

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

good faith after extensive, non-collusive and arm's-length negotiations, including full-day mediation before a knowledgeable retired judge. The Court has considered and overrules all of the filed objections, if any.

6. Neither this Final Approval Order nor the Settlement Agreement is an admission or indication by the Released Parties of the validity of any claims in the Action or of any liability or wrongdoing. This Final Approval Order and the Settlement Agreement are not a concession, and neither of them shall be used as an admission or indication with respect to any claim of any wrongdoing, fault or omission by any Released Party or any other person in connection with any transaction or occurrence or any statement, release or written document issued, filed or made. Neither this Final Approval Order nor the Settlement Agreement, nor any related document, proceeding or action, nor any reports or accounts thereof, shall be offered or received in evidence in any civil, criminal or administrative proceeding, other than proceedings that may be necessary to enforce the Settlement Agreement and the releases granted in the Settlement Agreement or this Final Approval Order.

7. Plaintiff and all Settlement Class Members shall be and hereby are conclusively deemed to have fully, finally, and forever released and discharged the Released Parties from the Settled Class Claims as provided in the Settlement Agreement. This release is binding and effective on each Settlement Class Member and any of their predecessors, successors, partners, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, marital communities, heirs, executors, trustees, administrators and any other person or entity having any legal or beneficial interest in the Settled Class Claims, including Unknown Class Claims.

8. In connection with the releases in the Agreement and this Final Approval Order, the following capitalized terms have the following meanings:

ORDER, JUDGMENT AND DECREE GRANTING
FINAL APPROVAL TO CLASS ACTION SETTLEMENT - 5
[C11-0088 JLR]

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

(a)  "Released Party or Parties" means Chase, and each of its respective predecessors, successors, parents, subsidiaries, affiliates and assigns, together with their past, present and future officers, directors, employees, independent contractors, shareholders, investors, owners of any kind, representatives, controlling persons, partners, associates, attorneys, accountants, service providers, agents, consultants, insurers, reinsurers, subrogees, trustees and creditors, including without limitation, the heirs, marital communities, executors, administrators, custodians, successors and assigns of any or all of them.

(b)  "Settled Class Claims" means collectively any and all claims, demands, rights, liabilities, suits, matters, obligations, damages, losses, costs, actions and causes of action of every nature and description whatsoever, in law or equity, known or unknown, latent or patent, asserted, unasserted or that might have been asserted (including, without limitation, assigned claims and common law claims for breach of contract, unjust enrichment, violations of any Consumer Protection Act or state or federal statutes, rules or regulations) either directly, in a representative capacity or in any other capacity, by the Releasing Parties against the Released Parties, arising from or in any way relating to the Settling Defendants' demand for, or collection or retention from Settlement Class Members of the Substitution of Trustee Recording Fees or the Settling Defendants' making of alleged misrepresentations, omissions, statements, misleading disclosures or failures to disclose information about such Fees. Settled Class Claims includes without limitation Unknown Class Claims and all claims asserted in the Second Amended Complaint on file in the Action, and all claims alleged or asserted, or which could have been alleged or asserted, against the Released Parties which arise from the alleged acts, omissions, representations, facts, events, matters, transactions or occurrences relating to Substitution of Trustee Recording Fees at issue in the Action.

(c)  "Unknown Class Claims" means any and all claims by the Releasing Parties against the Released Parties arising from the facts and circumstances that were alleged in the Second Amended Complaint in the Action based on facts which now exist, may hereafter

ORDER, JUDGMENT AND DECREE GRANTING
FINAL APPROVAL TO CLASS ACTION SETTLEMENT - 6
[C11-0088 JLR]

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

exist, or have previously existed that the Releasing Parties may hereafter discover in addition to, or different from, those which Plaintiff's Counsel and the Releasing Parties now know or believe to be true concerning the Settled Class Claims, without regard to the subsequent discovery of those facts by the Releasing Parties or the existence of any such different or additional facts.

The Releasing Parties have waived any and all rights which they may have had under or pursuant to (i) the provisions of section 1542 of the Civil Code of the State of California and/or (ii) the provisions of any other similar statutory, regulatory or common law of any state, or of the United States.

9. Plaintiff and all Settlement Class Members are hereby barred and permanently enjoined from prosecuting, commencing or continuing any proceedings regarding the Settled Class Claims against the Released Parties.

10. Without affecting the finality of this Final Approval Order, the Court reserves continuing jurisdiction over the Parties to the Agreement and the Settlement Class, to administer, supervise, construe and enforce the Agreement in accordance with its terms.

11. The Settlement Agreement is approved and expressly incorporated herein by this reference. The parties shall consummate the Settlement Agreement according to its terms.

12. Without prejudice to the Opt Outs, this Action is dismissed with prejudice and without an award of costs or fees to any party except as provided below.

13. Within ten (10) days of the Effective Date of this Order, Chase shall deliver to the Settlement Administrator Seven Hundred Thirty Thousand Dollars ($730,000), less any amounts already paid by Chase to the Settlement Administrator for the costs of Notice or Settlement Administration, (the "Settlement Fund") to be held and disbursed by the Settlement Administrator in accordance with the terms of this Order. The Settlement Administrator is authorized and directed to deposit the Settlement Fund into a segregated

ORDER, JUDGMENT AND DECREE GRANTING
FINAL APPROVAL TO CLASS ACTION SETTLEMENT - 7
[C11-0088 JLR]

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

account, to calculate and pay Awards from the Settlement Fund to Award Recipients and distribute any remainder in the Settlement Fund Account as provided by this or subsequent orders of this Court.

14. Plaintiff's Counsel's request for the Attorney Fee Award, payable solely from the Settlement Fund, is approved in the amount of $185,545.29, which includes their litigation costs. The Settlement Administrator shall pay the Attorney Fee Award to the Plaintiff's Counsel in such shares as shall be directed by Plaintiff's Counsel.

15. Plaintiff's Counsel's request for the Representative Plaintiff Award is approved in the amount of $8,500 for Judy Lewis, payable solely from the Settlement Fund. The Settlement Administrator shall pay the Representative Plaintiff Award by delivering a check payable to Plaintiff to Williamson and Williams.

16. The Settlement Administrator shall calculate the amount payable to each Award Recipient as provided in Paragraph 4.02 of the Agreement and shall mail Award checks within twenty (20) calendar days after the Effective Date.

17. Award checks will be valid and will only be paid if they are cashed on or before the Award Expiration Date. Award checks shall include a legend indicating that after the Award Expiration Date they are invalid, cannot be cashed and will not be honored. The bank holding the Settlement Fund Account established by the Settlement Administrator is hereby prohibited from paying or honoring any Award checks more than six business days after the Award Expiration Date. The Settlement Administrator is directed to provide the bank holding the Settlement Fund Account with a copy of this Final Approval Order at the time that account is opened and to draw its attention to this paragraph 17.

18. Not later than thirty (30) calendar days after the Award Expiration Date, the Settlement Administrator shall distribute the funds remaining in the Settlement Fund Account, if any, as provided in the Agreement.

ORDER, JUDGMENT AND DECREE GRANTING
FINAL APPROVAL TO CLASS ACTION SETTLEMENT - 8
[C11-0088 JLR]

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

19. If the Settlement does not become effective as provided in the Agreement, then this Final Approval Order shall be rendered null and void and shall be vacated. In such event, all orders entered in connection with the Settlement (including, without limitation, the Preliminary Approval Order) shall be vacated and the Parties shall return to their respective litigation positions as of the date immediately preceding the entry of the Preliminary Approval Order. The Parties shall jointly request the Court to hold a scheduling conference for the purpose of establishing a new case schedule.

IT IS SO ORDERED.

DATED this 26st day of December, 2012

Hon. James L. Robart

Submitted by:

Submitted by:

SCHROETER GOLDMARK & BENDER

/s/ Adam J. Berger
Adam Berger, WSBA No. 20714
*Counsel for Plaintiff*


Approved as to form by:

BURKE, WARREN, MACKAY & SERRITELLA, P.C.

/s/ Shana A. Shifrin
Shana A. Shifrin, *pro hac vice*
*Counsel for Defendant*

ORDER, JUDGMENT AND DECREE GRANTING
FINAL APPROVAL TO CLASS ACTION SETTLEMENT - 9
[C11-0088 JLR]

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

# CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Fred B. Burnside, WSBA #32491
Matthew Sullivan, WSBA #40873
Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Phone: (206) 757-8257
Fax: (206) 757-7257
burnf@dwt.com
sullm@dwt.com

Leann Pedersen Pope
Victoria R. Collado
Shana A. Shifrin
Burke, Warren, MacKay & Serritella, PC
330 N Wabash Avenue, 22nd Floor
Chicago, IL 60611
Phone: (312) 840-7000
Fax: (312) 840-7900
lpope@burkelaw.com
vcollado@burkelaw.com
sshifrin@burkelaw.com

DATED at Seattle, Washington this 13th day of December, 2012.

/s/ Adam J. Berger
ADAM J. BERGER, WSBA #20714
SCHROETER, GOLDMARK & BENDER
810 – 3rd Avenue, Ste. 500
Seattle, WA 98104
(206) 622-8000
berger@sgb-law.com

ORDER, JUDGMENT AND DECREE GRANTING
FINAL APPROVAL TO CLASS ACTION SETTLEMENT - 10
[C11-0088 JLR]

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305